# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: S.M., T.M., and E.M.**

**No. 13-1097** (Clay County 12-JA-58, 12-JA-59, and 12-JA-60)

**FILED**

April 28, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother filed this appeal by her counsel, Wayne King. Her appeal arises from an order entered on October 25, 2013, in the Circuit Court of Clay County, which terminated her parental rights to seven-year-old S.M., eight-year-old T.M., and nine-year-old E.M. The guardian ad litem for the children, Kevin W. Hughart, filed a response in support of the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney, Angela Alexander Walters, also filed a response in support of the circuit court's order. Petitioner argues that the circuit court erred when it terminated her parental rights because the evidence presented did not show that the alleged conduct caused any harm to the children and because the circuit court should have considered the long-term existing bond between petitioner and her children.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2012, the DHHR filed an abuse and neglect petition against the children's parents. The petition alleged that the parents abused controlled substances while the children were in their care and custody. For example, the petition cited to instances in which the parents and another adult crushed and snorted controlled substances in front of the children. The petition further alleged that the parents failed to provide a fit and suitable home for the children and that their drug abuse impaired their parenting skills to a degree that posed an imminent risk to the children's health, safety, and welfare.

At the adjudicatory hearing in May of 2012, both parents stipulated to the abuse and neglect of their children through their drug use and through their failure to provide a fit and suitable household. The circuit court granted the parents a post-adjudicatory improvement period with orders to participate in any and all provided services, including psychological evaluations, and to remain free of drugs and alcohol. During the course of this case, the parents' drug screens tested negative until the latter part of 2012. In June of 2012, petitioner tested positive for methamphetamines and in November, the father tested positive for cocaine, amphetamines, and methamphetamines. The circuit court revoked the parents' post-adjudicatory improvement period in January of 2013, but granted them a one-year rehabilitation period with orders for the father to attend in-patient rehabilitation treatment and for petitioner to complete a support program for substance abuse issues. The circuit court also ordered that the parents remain free of drugs and

1

alcohol and granted them supervised visitation with their children on the condition that their random drug tests were clean.

Despite the requirements of their rehabilitation period, both parents failed to comply with the circuit court's orders. The DHHR's motion to terminate the parents' parental rights alleged that petitioner violated an order to refrain from any contact with the father and that the father continued to test positive for drugs. It also stated that after the father admitted himself to treatment for one day, he left voluntarily, stating "CPS [Child Protective Services] was supposed to give my wife the kids back if I came to treatment and they didn't so there is no reason to be here." In February of 2013, the father was arrested for possession of hydrocone with a bottle of medication that was prescribed to petitioner.

At the dispositional hearing in August of 2013, the family's DHHR worker testified that the father had not participated in services since April and that his application to re-submit to a drug rehabilitation program was denied because he had not acknowledged his drug problem. The family's service provider testified that in July of 2013, she visited petitioner's home and observed the father jump into nearby bushes. The children's guardian ad litem testified that at a separate visit, also in July, he observed an insufficient amount of food in the home and that petitioner and the father were consuming beer together. In October of 2013, the circuit court entered an order terminating both parents' parental rights. Petitioner now files this appeal.

This Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner argues that the circuit court erred in terminating her parental rights because (1) the evidence presented at the termination hearting did not show that the alleged conduct caused any harm to the children and (2) the circuit court did not consider the bond between petitioner and her children.

Upon our review of the record, we find no error by the circuit court. "'Although parents have substantial rights that must be protected, the primary goal in cases involving abuse and

neglect, as in all family law matters, must be the health and welfare of the children.' Syl. Pt. 3, *In re Katie S.,* 198 W.Va. 79, 479 S.E.2d 589 (1996)." Syl. Pt. 2, *In re Timber M.*, 231 W.Va. 44, 743 S.E.2d 352 (2013). Under West Virginia Code § 49-6-5(b)(3), circumstances in which a parent fails to respond to rehabilitative efforts are considered those in which there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected. The record reveals that, despite opportunities to complete an improvement period towards reunification, petitioner failed to avail herself of services and rehabilitation. The record does not indicate that petitioner ever participated in a support program as ordered for her improvement period. The record also reveals that petitioner was in direct contact with the father, despite the circuit court's orders not to do so. This evidence was sufficient to support the circuit court's findings and conclusions that there was no reasonable likelihood that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 28, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II